United States District Court

Eastern District of Louisiana

Aikens

v.                                          CIVIL ACTION NO. 2:00-cv-00242
                                                                      F(5)
Microsoft Corp


   The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

   Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

   New Orleans, Louisiana, January 27, 2000.

                                        By Direction of the Court

                                        LORETTA G. WHYTE, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA M. AIKENS, JACQUELINE BELFIELD, AND AMBER CISNEY, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED IN THE STATE OF LOUISIANA | : : : : : : | C.A. NO. 00-0242 |
| | : | JUDGE: |
| VERSUS | : : : | SECT F MAG 5 |
| MICROSOFT CORPORATION | : | MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

COMES NOW Microsoft Corporation ("Microsoft"), who removes this action on the following grounds:

1.

On or about January 13, 2000, suit was filed against Microsoft in the Civil District Court, Parish of Orleans, State of Louisiana, bearing Docket Number 2000-614, Division C, entitled *Cynthia M. Aikens, et al v. Microsoft Corporation A/D/A Microsoft*. Microsoft first received a copy of the petition on January 14, 2000 and was served with a citation and petition on January 25, 2000, so this Notice of Removal is timely filed.

2.

The action is a purported class action in which the plaintiffs seek recovery of damages and other relief for alleged "anti-competitive practices," "monopolistic behaviors," and/or

394147_1

other "negligent and/or intentional conduct" with respect to the design, licensing, and/or marketing of computer software products. The plaintiffs focus on alleged monopolistic and anti-competitive conduct that is interstate in character.

3.

Plaintiffs allege that class membership ". . . is believed to number more than one million persons." *See*, Petition for Class Action, ¶ 6.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States, although Microsoft denies any liability whatsoever.

5.

Specifically, the plaintiffs plead facts giving rise to claims under the Sherman Act, 15 U.S.C.A. § 1, et. seq. Plaintiffs assert claims on behalf of "all Louisiana residents who have purchased a license to Microsoft Windows 95, Windows 98, and/or Internet Explorer." Plaintiffs allege that Microsoft engaged in "anti-competitive practices" and "monopolistic behaviors" and "has used the monopoly power its possesses over Intel-compatible personal computer operating systems to exact from consumers higher prices than it would otherwise be able to charge for its operating system software."

6.

The claims on behalf of the named representatives and the proposed class members are so related as to form part of the same case or controversy under Article III of the United States Constitution. Consequently, this Court may exercise supplemental jurisdiction (including pendent party jurisdiction) pursuant to 28 U.S.C. § 1367(a) over the claims of any individual class representative or class member that do not arise under the Constitution, laws, or treaties of the United States.

7.

This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action involving citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, although Microsoft denies any liability whatsoever.

8.

Microsoft is now, and was at the time the state court petition was filed, a corporation formed under the laws of the State of Washington, with its principal place of business in Redmond, King County, Washington. Thus, Microsoft is now, and was at the time the petition was filed, a citizen of the State of Washington, and is not now, nor was it at the time the plaintiff's petition was filed, a citizen of the State of Louisiana.

394147_1

9.

Plaintiff, Cynthia M. Aikens, is domiciled in and a citizen of the State of Louisiana. Plaintiff is now, and was at the time of the filing of her state court petition, a citizen of the State of Louisiana. She is not now, nor was she at the time the petition was filed, a citizen of the State of Washington.

10.

Plaintiff, Jacqueline Belfield, is domiciled in and a citizen of the State of Louisiana. Plaintiff is now, and was at the time of the filing of her state court petition, a citizen of the State of Louisiana. She is not now, nor was she at the time the petition was filed, a citizen of the State of Washington.

11.

Plaintiff, Amber Cisney, is domiciled in and a citizen of the State of Louisiana. Plaintiff is now, and was at the time of the filing of her state court petition, a citizen of the State of Louisiana. She is not now, nor was she at the time the petition was filed, a citizen of the State of Washington.

12.

Therefore, complete diversity of citizenship exists.

394147_1

13.

Microsoft shows that the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, but Microsoft denies any liability to the plaintiffs whatsoever.

14.

Plaintiffs seek to represent a class consisting of all residents who have purchased a license to Microsoft Windows 95, Windows 98, and/or Internet Explorer. In addition to nominal damages, Plaintiffs have requested an award of attorney's fees and, pursuant to substantive Louisiana statutes, attorney's fees are recoverable should plaintiffs prove entitlement to the relief alleged in their petition.

15.

Because the action is a purported class action, any award of attorney's fees will be made solely to the named class representatives, and the named class representatives have a "common and undivided interest" in the award of attorney's fees.

16.

Therefore, the total amount of attorney's fees that would likely be awarded to the named class representatives if the plaintiffs prevail is included in the calculation of the "amount in controversy" of the named representatives. The total amount of attorney's fees

that would likely be awarded if the plaintiffs prevail on the merits of their claims on behalf of a purported class of one million users, alone, satisfies the amount in controversy requirement for all three named representatives. *See, In re Abbott Laboratories,* 51 F.3d 524 (5th Cir. 1995).

17.

Consequently, the jurisdictional amount threshold established in 28 U.S.C. § 1332 is satisfied as to the claims of the named class representatives, and federal diversity of citizenship jurisdiction exists over those claims.

18.

Although plaintiffs allege in paragraph 47 of their petition that "plaintiffs and each member of the class have individually incurred damages under the laws of Louisiana in an amount less than $75,000," this allegation is inconsistent with their demand for attorneys' fees. Moreover, this allegation has no legal consequence since plaintiffs did not attach to their petition a binding and irrevocable stipulation waiving their own rights and the rights of all proposed class members to seek or receive any amounts in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, including all attorneys' fees. Consequently, plaintiffs' "artful pleading" in paragraph 47 of their petition has no legal effect.

19.

Pursuant to 28 U.S.C. Section 1367(a), this Court shall exercise supplemental jurisdiction over the claims of any proposed class members that do not independently satisfy the requirements of 28 U.S.C. § 1332.

20.

Microsoft attaches to this Notice of Removal the entire suit record as it currently exists in the Civil District Court, Parish of Orleans.

WHEREFORE, Microsoft removes this action to the United States District Court in and for the Eastern District of Louisiana.

By Attorneys:

G. William Jarman (# 7238) T.A.
Charles S. McCowan, III (#19699)
Glenn M. Farnet (#20185)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999