

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
MARCH 23, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA M. AIKINS, JACQUELINE BELFIED, AND AMBER CISNEY, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED IN THE STATE OF LOUISIANA | * | CIVIL ACTION |
| VERSUS | * | NO: 00-0242 |
| MICROSOFT CORPORATION | * | SECTION: "D"(3) |

Before the court are the following motions:

(1) "**Motion to Remand**" filed by Plaintiffs and opposed by Defendant Microsoft; and

(2) "**Motion to Stay All Proceedings Until the MDL Panel Rules on Motions to Transfer this and Other Actions Pursuant to 28 U.S.C. §1407**" filed by Defendant and opposed by Plaintiffs.

The motions, set for hearing on March 22, 2000 are before the court on briefs without oral argument. Having considered the memoranda of counsel and the applicable law, the court now rules.

### BACKGROUND

The instant action is one of many cases filed against



DATE OF ENTRY
MAR 27 2000

Microsoft after findings of fact were issued in <u>United States v. Microsoft</u> on November 5, 1999. Currently there are motions by several parties in these cases pending before the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation of all cases against Microsoft.

The Defendant requests that this court exercise its discretion and stay pretrial proceedings, including determinations of jurisdictional issues, pending a determination by the JPML. Plaintiffs oppose the motion, assert that this court does not have jurisdiction in this case and urge a remand.

**ANALYSIS**

The JPML is established under 28 U.S.C. §1407. The purpose of this statute is to permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts.[1] Further, the statute seeks to eliminate potential conflicting rulings by coordinate district and appellate judges.[2]

A pending motion before the JPML does not affect the jurisdiction of the transferor court.[3] However, courts have inherent power to "control the disposition of the causes on its

---

[1] Matter of New York City Mun. Securities Litigation, 572 F.2d 49, 51-52 (2nd Cir. 1978).

[2] In re Air Crash Disaster off Long Island, N.Y. on July 17, 1996, 965 F. Supp. 5, 7 (S.D.N.Y. 1997).

[3] In re Air Crash Disaster at Paris, France on March 3, 1974, 376 F. Supp. 887, 888 (J.P.M.L. 1974).

docket with economy of time and effort for itself, for counsel, and for litigants."[4]

Plaintiff asserts that this court lacks subject matter jurisdiction and that jurisdictional issues should be resolved prior to any other action. While generally true, cases such as this require special consideration.

As stated previously, the purpose of the JPML is to promote judicial economy and to prevent inconsistent rulings. This case presents questions of fact similar to the other actions pending before the JPML. Further, the same jurisdictional questions raised here will likely be raised in many of the other cases pending against Microsoft. Consistency and economy are both served by resolution of these issues by a single court after transfer by the JPML.[5] Should the Panel determine that consolidation of these cases is not warranted, Plaintiff may re-urge the motion.

Courts consider the following factors in deciding whether a stay of the proceedings is appropriate: 1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party

---

[4]Landis v. North American Co., 57 S.Ct. 163, 166 (1936).

[5]See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990);Weinke v. Microsoft Corporation, 2000 WL 220496 (E.D. Wis. 1999); Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 at *2, (E.D. La. 1995); In re Professional Hockey Antitrust Litigation, 369 F. Supp. 1117, 1118 (J.P.M.L. 1974); In re Air Crash Disaster at Juneau Alaska, 360 F. Supp. 1406 (J.P.M.L. 1973).

will suffer if a stay is granted; and 3) judicial economy.[6]

First, Microsoft would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts. Further, they could potentially suffer conflicting rulings by different judges in these multiple suits. Second, Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision. Finally, the interests of judicial economy would best be served by granting a stay.

Accordingly;

IT IS ORDERED that further proceedings in this case are **STAYED** pending the decision on consolidation and transfer by the JPML.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is **DENIED** at this time and may be re-urged if necessary after the decision of the JPML.

\*   \*   \*   \*

---

[6] See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); See generally Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 WL 13725 (D.N.J. 1991); Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995).